CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

OCT 24 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHRISTOPHER H. CLAY,<br>    Plaintiff,<br><br>v.<br><br>CAMPBELL COUNTY SHERIFF'S OFFICE<br>Registered Agent:<br>    Sheriff Steve Hutcherson<br>    87 Courthouse Lane<br>    Rustburg, Virginia 24588<br>    Campbell County<br><br>and<br><br>FMR. SHERIFF TERRY GADDY,<br>Individually and as agent with the<br>Campbell County Sheriff's Office<br>    87 Courthouse Lane<br>    Rustburg, Virginia 24588<br>    Campbell County<br><br>and<br><br>CAMPBELL COUNTY<br>    Defendants. | Civil Action No: 6:12CV00062 |

## COMPLAINT

Plaintiff, Christopher Clay, respectfully moves the Court for judgment against the Defendants, Campbell County Sheriff's Office, hereinafter referred to as "Sheriff's Office", and Sheriff Terry Gaddy, individually and as an agent with the Campbell County

Sheriff's Office, hereinafter referred to as "Sheriff Gaddy", and as grounds therefore states as follows:

## JURISDICTION AND VENUE

1. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12112, *et seq.*, the Americans with Disabilities Act ("ADA"), Va. Code § 51.5-1 through 51.5-52, the Virginians with Disabilities Act ("VDA"), and Va. Code § 65.2-308.

2. This Court has jurisdiction and venue pursuant to 42 U.S.C. § 2000 *et seq.*, 791, 28 U.S.C. § 1343, 1337 and 1391(b), *inter alia*.

3. The Plaintiff, Christopher Clay, is a resident of this judicial district, residing in Campbell County, Virginia.

4. The Defendant, Campbell County Sheriff's Office, is a law enforcement service provider in the Commonwealth of Virginia with jurisdiction in the County of Campbell, Virginia.

5. The Defendant, Sheriff Terry Gaddy, is a law enforcement officer in the Commonwealth of Virginia with jurisdiction in the County of Campbell, Virginia.

6. The Defendant, Campbell County, is a county in the Commonwealth of Virginia.

7. At all times relevant to this action, the acts herein complained took place in this judicial district and the Defendants were "employers" engaged in commerce as defined by Title VII and was thereby subject to said laws.

8. Plaintiff timely filed his charge of discrimination with The United States Equal Employment Opportunity Commission as required by law: received a Notice of Right to Sue dated July 26, 2012 (see Exhibit "A" attached) and files this action within ninety (90) days of his receipt of the Notice of Right to Sue and more than sixty (60) days after filing his charge under the ADA.

## FACTS

9. The Plaintiff is a forty (40) year old citizen of the United States of America residing in Altavista, Virginia.

10. The Plaintiff suffered disability on or before April 2, 2011, while working for the Defendant Sheriff's Office.

11. At all relevant times, the Defendants operated a law enforcement office commonly referred to as Campbell County Sheriff's Office located in Rustburg, Virginia.

12. At all relevant times, the Plaintiff was an employee of Defendant Sheriff's Office.

13. The Plaintiff had been employed by Defendant Sheriff's Office for over 11 years. At the time of events herein complained of, he was working as a Deputy Sheriff.

14. On or about April 2, 2011, Plaintiff experienced debilitating pain associated with his kidneys. Specifically, he had several kidney stones which were causing severe back pain and blood in his urine. Plaintiff was forced to request sick leave because of this disability. He was able to meet with his urologist at Seven Hills urology on April 6, 2011. Plaintiff's urologist, Dr. Fitzgerald advised him of a lithotripsy

procedure which could help break the kidney stone(s). Plaintiff was told to wait until April 12, 2011 to use this procedure, in hopes of passing it on his own. As such, Dr. Fitzgerald excused Plaintiff from work until April 12, 2011, the date of the next appointment. Plaintiff was unable to pass the stone on his own. On April 13, 2011, Plaintiff had the lithotripsy procedure. He was on no work status from April 12, 2011 until April 18, 2011. Plaintiff had scheduled vacation from April 18, 2011 through April 24, 2011. On April 18, 2011, Plaintiff was placed on suspension by Sheriff Gaddy. On April 28, 2011, Plaintiff was terminated by Sherriff Gaddy.

15. As a result of the kidney stones and severe pain Plaintiff was disabled, as defined by 42 U.S.C. § 12102(2).

16. Defendants did not attempt to undertake any sort of assessment of Plaintiff's work capacity, or reasonable accommodation for that capacity.

17. On April 18, 2011, Plaintiff was suspended, while on sick leave, by Defendant Sherriff Gaddy.

18. Plaintiff thereafter filed a grievance related to his discharge.

## COUNT I – ADA Violation

19. Plaintiff believes and therefore alleges that the course of conduct of the Defendants towards him was motivated by discrimination based on his disability.

    a. Plaintiff has a disability as defined by 42 U.S.C. § 12102(2).

    b. Plaintiff is otherwise qualified for the Deputy Sheriff position.

  c.  Plaintiff was discharged solely because of his disability.

  d.  Plaintiff is an individual qualified for protection by the ADA.

## COUNT II – Title VII Violation

20. Plaintiff was terminated in April of 2011 due to the discriminatory actions taken against him by the Defendants in violation and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12112, *et seq.*

21. The discriminatory actions taken by Defendants had and will continue to have an adverse economic impact of the Plaintiff.

22. As a direct and proximate result of Defendants' action, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering and mental anguish, and loss of enjoyment of life.

23. At all times relevant hereto, Defendants engaged in discriminatory practices with malice or reckless indifference to the legally protected rights of the Plaintiff so as to support an award of liquidated and/or punitive damages.

24. The above described acts of the Defendants constitute discrimination based on his disability in violation of all applicable federal and state laws.

### COUNT III – VDA Violation

25. Plaintiff was terminated in April of 2011 due to the discriminatory actions taken against him by the Defendants in violation and pursuant to the Virginians with Disability Act as defined in Va. Code § 51.5-1 through 51.5-52.

26. The discriminatory actions taken by Defendants had and will continue to have an adverse economic impact of the Plaintiff.

27. As a direct and proximate result of Defendants' action, Plaintiff has suffered and will continue to suffer pecuniary loss, emotional pain, suffering and mental anguish, and loss of enjoyment of life.

28. At all times relevant hereto, Defendants engaged in discriminatory practices with malice or reckless indifference to the legally protected rights of the Plaintiff so as to support an award of liquidated and/or punitive damages.

29. The above described acts of the Defendants constitute discrimination based on disability in violation of all applicable federal and state laws.

### CONCLUSION

**WHEREFORE**, Plaintiff prays for judgment against the Defendants for equitable relief, reinstatement of benefits, compensatory, liquidated and punitive damages in the amount of $1,000,000.00 (one-million dollars), pre-judgment interest, attorney's fees, costs and such other relief as may be just and equitable.

**TRIAL BY JURY IS DEMANDED.**

**Christopher H. Clay**

By: /s/ Mark B. Dunevant
Of Counsel

Joseph A. Sanzone
VSB #: 20577
Mark B. Dunevant
VSB # 76680
SANZONE & BAKER, P.C.
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(434) 528-5264 (fax)
   *Counsel for Plaintiff*

## CERTIFICATE

I hereby certify that on the 24th day of October, 2012, this Complaint was electronically filed with the Clerk of Court using the CM/ECF system.

/s/ Mark B. Dunevant

Joseph A. Sanzone
VSB #: 20577
Mark B. Dunevant
VSB # 76680
SANZONE & BAKER, P.C.
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(434) 528-5264 (fax)
   *Counsel for Plaintiff*