IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| CHRISTOPHER H. CLAY,<br>      Plaintiff, | )<br>)<br>) |
| v. | ) |
| CAMPBELL COUNTY SHERIFF'S OFFICE | ) Civil Action No: 6:12c-00062<br>)<br>) |
| and | )<br>) |
| FMR. SHERIFF TERRY GADDY, | )<br>)<br>) |
| and | )<br>) |
| CAMPBELL COUNTY<br>      Defendants. | )<br>)<br>) |

**BRIEF IN SUPPORT OF MOTION IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

    Plaintiff, Christopher H. Clay, by counsel, respectfully submits this Brief in Support of his Motion in Opposition to Defendants' Motion to Dismiss, filed April 4, 2013. Plaintiff submits the following argument in support of his Motion to Dismiss.

**STATEMENT OF THE CASE AND FACTS**

    Plaintiff was terminated from his position as a deputy sheriff because of his disability. Plaintiff brings suit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 12112, *et seq.*, the Americans with Disabilities Act ("ADA"), Va. Code § 51.5-1 through 51.5-52, the Virginians with Disabilities Act ("VDA"), and Va. Code § 65.2-

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 1 of 11

308.naming Former Sheriff Gaddy, in his official and individual capacity, the "Campbell County Sheriff's Office" and Campbell County as defendants.

## ISSUES

I. WHETHER PLAINTIFF'S ALLEGATIONS CAN SURVIVE A 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM?

II. WHETHER SHERIFF GADDY MAY BE SUED INDIVIDUALLY UNDER TITLE VII, THE ADA, or the VDA?

III. WHETHER CAMPBELL COUNTY SHERIFF'S OFFICE IS ENTITLED TO ELEVENTH AMENDMENT IMMUNITY?

## ARGUMENT

I. PLAINTIFF'S ALLEGATIONS ARE SUFFICIENTLY PLED TO SURVIVE A MOTION TO DISMISS.

The Court in Ainsworth v. Loudon County School Board recited the standard of review for a 12(b)(6) motion to dismiss, stating:

> A court must also be mindful of the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. While Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions" because "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citation omitted).

Ainsworth v. Loudon County School Bd., 851 F. Supp. 2d 963, 971 (E.D. Va. 2012).

Continuing, the Court noted:

> To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L.

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 2 of 11

> Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard, *id.*, and a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. Moreover, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at ___, 129 S. Ct. at 1949-50.

Ainsworth at 971.

In the present case, the Plaintiff's Complaint should not be dismissed based upon the standard of review. In Paragraph 14 of the Plaintiff's Complaint the Plaintiff alleges:

> On or about April 2, 2011, Plaintiff experienced debilitating pain associated with his kidneys. Specifically, he had several kidney stones which were causing severe back pain and blood in his urine. Plaintiff was forced to request sick leave because of this disability. He was able to meet with his urologist at Seven Hills urology on April 6, 2011. Plaintiff's urologist, Dr. Fitzgerald advised him of a lithotripsy procedure which could help break the kidney stone(s). Plaintiff was told to wait until April 12, 2011 to use this procedure, in hopes of passing it on his own. As such, Dr. Fitzgerald excused Plaintiff from work until April 12, 2011, the date of the next appointment. Plaintiff was unable to pass the stone on his own. On April 13, 2011, Plaintiff had the lithotripsy procedure. He was on no work status from April 12, 2011 until April 18, 2011. Plaintiff had scheduled vacation from April 18, 2011 through April 24, 2011. On April 18, 2011, Plaintiff was placed on suspension by Sheriff Gaddy. On April 28, 2011, Plaintiff was terminated by Sherriff Gaddy.

Paragraph 14 Plaintiff's Complaint. This Paragraph read in conjunction with Paragraph 17 of Plaintiff's Complaint, provides facial plausibility for a period of disability. Paragraph 17 alleges that Plaintiff was suspended, while on sick leave, by Sheriff Gaddy. The evidence will support the factual content in these paragraphs that the

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 3 of 11

Defendants are liable for the allegations. Plaintiff provided a thorough description of the disability and the dates of the alleged misconduct on the part of the Defendants. This claim is for a temporary disability, not a permanent one. At the time of dismissal, the Plaintiff had not been released from doctor's care, and the extent of his disability and length of medical treatment were not certain. He was on medicine that would prevent him from operating vehicles or discharging firearms. Therefore, he could not work. No change in employment duties was ever offered. The dates provided within Paragraph 14 of Plaintiff's Complaint identify the dates and confirm the temporary nature of the disability.

     Plaintiff had a disability as defined by the ADA. Plaintiff alleges that he has a physical impairment that substantially limits one or more major life activities. Within Plaintiff's Complaint, he alleges that he has kidney stones and that he was taken out of work during his recovery from surgery to "break up" the stones. Plaintiff's doctor had him on no work status during this period of recovery and prevented him from operating a vehicle. Plaintiff was limited to walking. These are substantial limitations to one's major life activities.

     Plaintiff's Complaint properly alleges that the Defendants failed to provide a reasonable accommodation. An ADA failure to accommodate claim consists of the following elements: (1) the employee was an individual who had a disability within the meaning of the statute; (2) the employer had notice of the disability; (3) with reasonable accommodation the employee could perform the essential functions of the position; and (4) the employer refused to make such accommodations. <u>Rhoads v. Fed. Deposit Ins.</u>

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 4 of 11

Corp., 257 F.3d 373, 387 n. 11 (4th Cir. 2001). Defendants argue in their Memorandum in Support of Motion to Dismiss that Plaintiff fails to allege, even in a conclusory fashion, that plaintiff was refused a reasonable accommodation. Plaintiff alleges that he was suspended on April 18, 2013, within the period for which he was on sick leave. There is no evidence that Defendants accommodated Plaintiff during his period of disability. Plaintiff's Complaint provides the necessary allegations to set forth a prima facie case for failure to accommodate and wrongful discharge under the ADA.

In order to state a claim for ADA wrongful discharge, a plaintiff must demonstrate that (1) she is within the ADA's protected class; (2) she was discharged; (3) at the time of her discharge, she was performing the job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Haulbrook v. Michelin N. Am., Inc.*, 252 F.3d 696, 702 (4th Cir. 2001).

In the present case, Plaintiff has met his burden to provide the factual content necessary to survive a 12(b)(6) motion to dismiss as it relates to the ADA claims of wrongful discharge and failure to accommodate. There is no evidence of an accommodation. Any arguments as to the failure to accommodate or wrongful discharge should be raised as part of a Rule 56 motion, but not at the pleading level.

II. SHERIFF GADDY MAY BE SUED INDIVIDUALLY UNDER TITLE VII OR THE ADA.

Individual liability can attach under 42 U.S.C. § 1983, which imposes civil liability on any "person" acting under color of state law to deprive another person rights and

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 5 of 11

privileges secured by the Constitution and laws of the United States. This Court held in its case, Davis v. County of Amherst, 2008 U.S. Dist. LEXIS 15853, at 4 (W.D. Va., March 3, 2008), a state official sued in his individual capacity is not protected by the 11th Amendment and is therefore a person under § 1983, if the relief sought is injunctive or declaratory. The court in Warner v. Buck Creek Nursery, Inc., 149 F.Supp.2d 246 (W.D. Va. May 21, 2001), held that backpay sought from an employer under Title VII would generally be restitutionary in nature. (citing Curtis v. Loether, 415 U.S. 189, 197, 94 S.Ct. 1005 (1974)). Assumptions must be made to bridge the court's reasoning in Davis to that of Warner, however, we submit that a claim under Title VII and § 1983 are similar in nature and both Title VII and the ADA utilize the definition of "employer" from § 1983.

The Court in King v. McMillan, No. 7:05CV00521, 2006 U.S. Dist. LEXIS 51859 (W.D. Va. July 28, 2006), denies plaintiff the right to sue the Sheriff in her individual capacity; however the Court acknowledges conflicting precedent within the Fourth Circuit concerning liability in the individual capacity under Title VII. The Court examined the history of the issue regarding a plaintiff's ability to sue an employer in his/her individual capacity and revealed that the Fourth Circuit has not explicitly overruled the Court in Paroline v. Unisys Corp., which ruled *en banc*, that employees in supervisory positions with "significant control" over "hiring, firing, or conditions of employment" can be held personally liable under Title VII. *Id.;* Paroline v. Unisys Corp., 900 F.2d 27 (4th Circ. 1990).

    III.    CAMBPELL COUNTY SHERIFF'S OFFICE IS NOT ENTITLED TO ELEVENTH AMENDMENT IMMUNITY.

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 6 of 11

The Courts have addressed three exceptions to the constitutional bar of the Eleventh Amendment. The first, "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001). The second, "the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004). Lastly, "a state remains free to waive its Eleventh Amendment immunity from suit in a federal court." Lapides v. Board of Regents of University Systems of Georgia, 535 U.S. 613, 618 (2002).

In the case at bar, two of the three exceptions apply to the present facts. First, the Americans with Disabilities Act (ADA) provides, "a State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of this chapter." 42 U.S.C. § 12202. This provision clearly and unambiguously expresses congressional intent to abrogate the States' Eleventh Amendment immunity with respect to claims brought under the ADA. See Tennessee v. Lane, 124 S. Ct. 1978, 1985 (2004); Board of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363-64 (2001). "The question, then, is whether Congress had the power to give effect to its intent." Lane, 124 S. Ct. at 1985; Constantine v. Rectors, George Mason Univ., 411 F.3d 474, 484 (4th Cir. 2005). The ADA invokes the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 7 of 11

areas of discrimination faced day-to-day by people with disabilities. 42 U.S.C. § 12101(b)(4). Id. Although the commerce power conferred by Article I of the Constitution does not authorize Congress to abrogate the States' Eleventh Amendment immunity, Seminole Tribe, 517 U.S. at 72-73, the Supreme Court has held that "the Eleventh Amendment, and the principle of state sovereignty which it embodies, are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment." Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976). Thus, Title II of the ADA abrogates the States' Eleventh Amendment immunity only if its enactment represents a valid exercise of authority under § 5 of the Fourteenth Amendment. Id.; Constantine v. Rectors, 411 F.3d 474, 484 (4th Cir. 2005).

In Constantine, a case involving ADA claims against higher education in Virginia, the Court held:

> Title II "can fall within the sweep of Congress' enforcement power even if in the process it prohibits conduct which is not itself unconstitutional." *City of Boerne*, 521 U.S. at 518. Thus, the question is not *whether* Title II exceeds the boundaries of the Fourteenth Amendment, but *by how much*. Considering the pattern of unconstitutional disability discrimination described by the Court in *Lane*, we cannot say that Title II is "so out of proportion to a supposed remedial or preventive object that it cannot be understood as responsive to, or designed to prevent, unconstitutional behavior." *Id.* at 532. Accordingly, we conclude that Title II of the ADA is valid § 5 legislation, at least as it applies to public higher education. *See Association for Disabled Americans, Inc. v. Florida Int'l Univ.*, 405 F.3d 954, 959 (11th Cir. 2005). Because Congress clearly expressed its intention to abrogate the States' Eleventh Amendment immunity, and did so pursuant to a valid exercise of constitutional authority, the Eleventh Amendment poses no bar to Constantine's claims under Title II of the ADA.

Id.

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 8 of 11

Secondly, the Virginia Torts Claims Act, Virginia Code § 8.01-195.3, provides a similar waiver of sovereign immunity for damages up to $100,000 in cases involving damages resulting from some negligent or wrongful act or omission by the Commonwealth. Virginia Code Ann. §8.01-195.3. The United States Court of Appeals for the Fourth Circuit addressed a similar case, involving a suit under the ADA and the Eleventh Amendment. The Court in Lee-Thomas v. Prince George's County Public Schools ruled that Maryland waived immunity for damage claims of $100,000 or less. 666 F.3d 244 (4th Cir. 2012). The Court in Lee-Thomas reviewed the stringent test in the Atascadero State Hospital v. Scanion case, which provided the initial test of waiver for Eleventh Amendment purposes. Id.; See Atascadero State Hospital v. Scanion, 473 U.S. 234, 240 (1985). In Lee-Thomas, the Court refused to infer that the only way a state statute can satisfy the stringent test is to include the words "federal court" or "United States" in the statutory text. Id. Instead, the Court determined that deference should be given to the lower Court to determine the legislative intent for Maryland to consent to suit in federal court.

In this case, and in a similar manner to those in those in the Virginia Torts Claims Act, the Commonwealth has specifically waived immunity and consented to suit. We submit that the case filed on behalf of the Plaintiff is dependent on the American's with Disabilities Act, in the same manner that the statutory language of Virginia Code § 8.01-195.3 allows compensatory damages for pain and suffering associated with a wrongful act by the Commonwealth.

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 9 of 11

The waiver argument does not extinguish the fact that Title II of the ADA has clearly abrogated the Commonwealth's Eleventh Amendment's sovereign immunity as outlined in the <u>Constantine</u> case, which is analogous to the case at bar.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff, Christopher H. Clay, asks the Court to deny Defendants' motion to dismiss.

**Christopher H. Clay**

By: /s/ Mark B. Dunevant
Of Counsel

Joseph A. Sanzone
VSB #: 20577
Mark B. Dunevant
VSB # 76680
SANZONE & BAKER, P.C.
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(434) 528-5264 (fax)
   *Counsel for Plaintiff*

***Christopher H. Clay v. Campbell County Sheriff's Office, et al.***
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 10 of 11

## CERTIFICATE

I hereby certify that on the 22nd day of April, 2013, this Supporting Brief was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to: Carlene Booth Johnson, Esq., at 262 Chellowe Road, Dillwyn, Virginia 23936.

/s/ Mark B. Dunevant

Joseph A. Sanzone
VSB #:  20577
Mark B. Dunevant
VSB # 76680
SANZONE & BAKER, P.C.
1106 Commerce Street, P.O. Box 1078
Lynchburg, VA 24505
(434) 846-4691 (office)
(434) 528-5264 (fax)
    *Counsel for Plaintiff*

*Christopher H. Clay v. Campbell County Sheriff's Office, et al.*
*Plaintiff's Brief in Support of Plaintiff's Motion in Opposition*
Page 11 of 11